IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MEREDITH BARBOUR,**<br><br>       **PLAINTIFF,**<br>v.<br><br>**PENN STATE HEALTH,**<br><br>       **DEFENDANT.** | Civil Action No.: _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

Plaintiff Meredith Barbour, by and through her undersigned attorneys, Bell & Bell LLP, hereby files the following Complaint and Jury Demand ("Complaint").

## PRELIMINARY STATEMENT

1. This is an action for an award of damages, punitive damages, and other relief on behalf of Plaintiff Meredith Barbour (hereinafter "Ms. Barbour" or "Plaintiff"), a former employee of Penn State Health (hereinafter "PSH" or "Defendant"). Ms. Barbour has been harmed by Defendant's harassment and discrimination on the basis of her race, and by Defendant's retaliation against her for complaining about harassment and discrimination, culminating in her wrongful termination on May 6, 2021.

2. This action is filed pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C § 2000(e) et seq. ("Title VII"), and the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

## JURISDICTION

3. This Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

4. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5. This Court has supplemental jurisdiction over any Pennsylvania state law claims alleged herein pursuant to 28 U.S.C. § 1367.

6. All conditions precedent to the institution of this suit have been fulfilled. On April 20, 2022, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed as a Complaint with the Pennsylvania Human Relations Commission ("PHRC").  On September 8, 2022, the EEOC issued a Notice of Right to Sue to Plaintiff. This action has been filed within ninety (90) days of Plaintiff's receipt of said Notice.[1]

**VENUE**

7. This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b).

8. This action properly lies in the Eastern District of Pennsylvania because significant activities associated with the claims alleged took place in this judicial district, Plaintiff performed her work for Defendant in this judicial district, Plaintiff was terminated in this judicial district, and the claims arose in this judicial district.

---

[1] It has been less than one year since Ms. Barbour dual-filed her Charge of Discrimination as a Complaint with the Pennsylvania Human Relations Commission for Defendant's violations of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. ("PHRA"). Ms. Barbour will seek to amend her Complaint in this matter to add her PHRA claims once she has exhausted her administrative remedy with respect to those claims.

## PARTIES

9. Plaintiff Meredith Barbour is an adult African American female who resides in Gilbertsville, Pennsylvania and the United States of America.

10. Defendant PSH is a multi-hospital health system which includes St. Joseph Medical Center - an acute care hospital with an address of 2500 Bernville Road, Reading, Pennsylvania 19605, where Plaintiff was employed.

11. At all relevant times, Defendant PSH is and has been an employer employing more than five hundred (500) employees.

12. At all relevant times, employees of Defendant PSH acted as agents and servants for Defendant PSH.

13. At all relevant times, employees of Defendant PSH were acting within the scope of their authority and in the course of employment under the direct control of Defendant PSH.

14. At all times material hereto, Defendant PSH acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant PSH and in furtherance of Defendant PSH's business.

15. This cause of action arose out of transactions or occurrences that took place in whole or in part in Berks County, Pennsylvania. Defendant conducts substantial business within Berks County, Pennsylvania.

16. This Honorable Court has personal jurisdiction over the Defendant.

## FACTS

17. On or about February 2, 2021, Ms. Barbour began her employment with PSH as a Team Manager.

18. During her employment with PSH, Ms. Barbour was a hardworking and exceptional employee.

19. Despite her loyalty and consistent performance, Ms. Barbour was subjected to discrimination and harassment on the basis of her race and was retaliated against for complaining about discrimination and harassment.

20. Throughout her employment, Ms. Barbour observed that PSH treated non-African American employees more favorably than African American employees like Ms. Barbour.

21. Ms. Barbour was held to a different set of standards than her non-African American counterparts and subjected to numerous acts of discrimination and harassment.

22. On one occasion, Ms. Barbour advised a Caucasian clinical staff member to treat Ms. Barbour's African American team member better after the team member reported that the Caucasian clinical staff member yelled at the African American team member in front of patients and other staff.

23. Despite the fact that she had acted appropriately for her role as Team Manager, she was called "intimidating."

24. On another occasion, Ms. Barbour was told to leave a Zoom meeting in which Caucasian Team Managers were present even though she was scheduled to be a part of the meeting.

25. In addition, the leadership workforce at St. Joseph Medical Center (hereinafter "SJMC") was particularly non-diverse.

26. Indeed, Ms. Barbour was one of only two African American employees in manager positions.

27. On or about Thursday, October 21, 2021, Ms. Barbour received a call to go to a colleague's office to discuss an employee that had resigned, Megan Azukas.

28. Ms. Barbour went to the room where two of her coworkers, Carline Azor and Magdalena "Maggie" Moyer, a Caucasian individual, were present.

29. Ms. Moyer was very aggressive and hostile towards Ms. Barbour, glaring at her and aggressively pointing her finger at her.

30. Ms. Moyer then accused Ms. Barbour of telling Ms. Azukas that Friday would be her last day.

31. Ms. Barbour denied telling Ms. Azukas that Friday would be her last day.

32. Ms. Moyer then approached Ms. Barbour and yanked at her sweater very abruptly and forcefully, startling and frightening Ms. Barbour by such an act of physical aggression in the workplace.

33. Ms. Azukas was then called into the office, and she corroborated Ms. Barbour's account, as she insisted that Ms. Barbour had not told her that Friday was her last day.

34. Ms. Barbour was shaken and upset by the incident and left the office.

35. Ms. Moyer later visited Ms. Barbour's office.

36. Ms. Barbour communicated to Ms. Moyer that she had accused her of something she did not do and had assaulted her, and asked Ms. Moyer to leave.  Ms. Barbour then contacted a coworker, Tracie Henry – the other African American employee in a managerial role – who advised Ms. Barbour to contact the Employee Assistance Program for consultation and asked if Ms. Barbour needed to go home.

37. As a testament to her dedication to her job, Ms. Barbour remained at work and Ms. Henry lodged a complaint on Ms. Barbour's behalf.

38. The following day, on October 22, 2021, Ms. Barbour was directed to go to Ms. Fritchman's office where Julio Bermudez, a Human Resources Representative, was also present.

39. Ms. Barbour was then informed that she was being placed on administrative leave for violating organizational values.

40. Ms. Barbour was also told that PSH had consulted all of the superiors and everyone was aligned with the decision to put Ms. Barbour on administrative leave.

41. Ms. Barbour's access was immediately suspended.

42. Ms. Barbour then went home and contacted Mr. Bermudez, who told her that PSH was conducting an investigation.

43. Although Ms. Moyer had also been involved in the incident and had assaulted Ms. Barbour, she was permitted to continue working while Ms. Barbour was put on administrative leave.

44. On or about Thursday, October 28, 2021, Respondent contacted Ms. Barbour and asked her questions about the incident, at which point she told her side of the story and further complained about discrimination and harassment.

45. Given the circumstances of the incident and the fact that she was put on administrative leave while Ms. Moyer was permitted to continue working, Ms. Barbour complained that she believed she had been discriminated against and harassed on the basis of her race.

46. Shortly after her complaint, on November 19, 2021, Ms. Barbour was informed that she was being terminated for alleged "communication issues."

47. The alleged grounds for Ms. Barbour's termination were pretext for discrimination and retaliation.

48. Specifically: (i) Ms. Barbour was subjected to persistent discrimination, harassment, and retaliation on the basis of her race; (ii) she was suspended whereas Ms. Moyer, a Caucasian employee, was not, despite being a party to the same incident; and (iii) her termination came shortly after her complaint of discrimination and harassment.

49. The above-described facts demonstrate Defendant's discriminatory animus toward Ms. Barbour on the basis of her race and retaliatory animus because of her complaints.

50. Ms. Barbour has suffered and continues to suffer mental anguish and severe emotional distress as a direct and proximate result of the actions and inactions of Defendant.

51. Defendant PSH and its employees acted with the intent of causing, or in reckless disregard of the probability that their actions would cause, Ms. Barbour severe emotional distress.

52. Ms. Barbour has suffered financial and other losses including, among other things, lost wages, an obligation for attorneys' fees and costs of bringing suit, and irreparable injury to her professional reputation as a direct and proximate result of the actions and inactions of Defendant.

**COUNT I**
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), et seq.**

53. Plaintiff Meredith Barbour repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

54. Based on the foregoing, Defendant engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq.

55. In discriminating against and harassing Ms. Barbour because of her race, and in retaliating against Ms. Barbour for her complaints about discrimination and harassment, Defendant violated Title VII.

56. Defendant's violations were intentional and willful.

57. Defendant's violations warrant the imposition of punitive damages.

58. As a direct result of the unlawful employment practices engaged in by Defendant, Plaintiff Meredith Barbour has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay and interest due thereon.

59. Plaintiff is suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

## COUNT II
### Civil Rights Act of 1866, 42 U.S.C. § 1981

60. Plaintiff Meredith Barbour repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

61. Based on the foregoing, Defendant engaged in unlawful employment practices in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981").

62. In discriminating against and harassing Ms. Barbour on the basis of her race, and in retaliating against Ms. Barbour for her complaints about discrimination and harassment, Defendant violated Section 1981.

63. Defendant's violations were intentional and willful.

64. Defendant's violations warrant the imposition of punitive damages.

65. As a direct result of the unlawful employment practices engaged in by Defendant, Plaintiff Meredith Barbour has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay and interest due thereon.

66. Plaintiff is suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

## PRAYER FOR RELIEF

67. Plaintiff Meredith Barbour repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

WHEREFORE, Plaintiff Meredith Barbour respectfully requests that this Court enter judgment in her favor and against Defendant, and Order:

   a. Appropriate equitable relief;

   b. Defendant PSH compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination, harassment and retaliation;

   c. Defendant PSH pay Plaintiff punitive damages;

   d. Defendant PSH pay Plaintiff compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of employment and other nonpecuniary losses as allowable;

   e. Defendant PSH pay Plaintiff's costs of bringing this action, including, but not limited to, Plaintiff's reasonable attorneys' fees;

    f.   Plaintiff be granted any and all other remedies available pursuant to Title VII, Section 1981, and/or any other applicable law; and

    g.   Such other and further relief as is deemed just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury as to all issues so triable.

> */s/ Christopher A. Macey, Jr.*
> Christopher A. Macey, Jr., Esquire
> Bell & Bell LLP
> One Penn Center
> 1617 JFK Blvd. – Suite 1254
> Philadelphia, PA  19103
>
> *Attorneys for Plaintiff Meredith Barbour*

Dated:  December 5, 2022